# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Case No: 2:21-cr-280** |
| ) | **AMM-GMB** |
| **WILL DAVID PARR,** ) | |
| **Defendant.** ) | |

## ORDER

This case comes before the court on a Motion To Strike The ACCA Allegations From The Superseding Indictment Or, In The Alternative, For A Bifurcated Jury Trial filed by defendant, Will David Parr. *See* Doc. 25. The magistrate judge entered a report on February 27, 2023, recommending denial of Mr. Parr's motion because "binding authority foreclose[es] his position." Doc. 30 at 4. The magistrate judge further recommended denying Mr. Parr's request for "the district court to determine his [Armed Career Criminal Act ('ACCA')] eligibility before he decides whether he intends to plead guilty" because "due process requires only actual notice of the possibility of an ACCA enhancement." *Id.* at 4–5 (cleaned up). Mr. Parr timely filed specific written objections to the report and recommendation. *See* Doc. 31.

Mr. Parr's *first* and *second* objections to the report and recommendation relate to "the [magistrate judge's] conclusion that a sentencing judge may conduct the

1

factfinding necessary for" the different-occasion analysis proscribed by the ACCA. *Id*. at 3–4 (cleaned up).

The ACCA provides that a defendant convicted of a felon in possession charge is subject to a mandatory minimum of fifteen years' imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Wooden v. United States*, the Supreme Court clarified that that the different-occasion analysis is "multi-factored in nature" and that "a range of circumstances may be relevant to identifying episodes of criminal activity." 142 S. Ct. 1063, 1070–71 (2022). The Supreme Court "d[id] not address" "whether the Sixth Amendment requires that a jury" make these factual findings "rather than a judge." *Wooden*, 142 S. Ct. at 1068 n.3.

Pre-*Wooden*, the Eleventh Circuit observed that "the different-occasions inquiry requires a court to look at the facts underlying the prior conviction." *United States v. Dudley*, 5 F.4th 1249, 1259 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1376 (2022). "[I]n order to avoid constitutional concerns," the Eleventh Circuit "held that the" sentencing judge may conduct this analysis with "only information found in . . . conclusive judicial records [that] has gone through a validation process that comports with the Sixth Amendment." *Id*.

2

Post-*Wooden* and in three unpublished opinions, the Eleventh Circuit has affirmed the sentencing court's authority to determine whether a defendant's prior convictions were committed on different occasions. *See United States v. McCall*, No. 18-15229, 2023 WL 2128304, at *7 (11th Cir. Feb. 21, 2023); *United States v. Haynes*, No. 19-12335, 2022 WL 3643740, at *5 (11th Cir. Aug. 24, 2022), *cert. denied*, No. 22-6682, 2023 WL 2357369 (U.S. Mar. 6, 2023); *United States v. Jones*, No. 20-11841, 2022 WL 1763403, at *4 (11th Cir. June 1, 2022), *petition for cert. filed*, No. 22-6683 (U.S. Feb. 1, 2023). And in a published opinion, the Eleventh Circuit held that a district court did not "plain[ly] err[]" in performing the different-occasions analysis when the Fifth and Sixth Amendment challenges to the sentencing court's authority to perform this analysis were "raised for the first time on appeal." *See United States v. Penn*, No. 21-12420, 2023 WL 2623586, at *10 (11th Cir. Mar. 24, 2023).

Mr. Parr asserts that "the Eleventh Circuit's unpublished, post-*Wooden* cases . . . make no mention of *Wooden* and the fact-intensive inquiry it prescribes" and that "harmonizing *Wooden* and the Supreme Court's Sixth Amendment jurisprudence renders unsustainable the holdings that instruct judges to find ACCA-qualifying facts." Doc. 31 at 3. Although post-*Wooden* guidance from the Eleventh Circuit is limited, it is instructive. *See generally*, *e.g.*, *McCall*, 2023 WL 2128304 at

3

\*6, \*10; *see also*, *e.g.*, *Haynes*, 2022 WL 3643740, at \*5; *Penn*, 2023 WL 2623586, at \*10.

In *McCall*, the Eleventh Circuit acknowledged *Wooden*'s instructions regarding the "factors courts might consider" when performing the different-occasions analysis. *Id*. at \*6; *accord Penn*, 2023 WL 2623586, at \*10 (summarizing the Supreme Court's guidance to "lower courts" regarding the "factors [that] may be relevant to th[e different occasions] determination"). The Eleventh Circuit held that "the district court didn't err in finding[] . . . that the" government had met its burden of establishing that certain crimes "occurred on different occasions." *McCall*, 2023 WL 2128304, at \*6. In response to the defendant's "argu[ment] that the district court violated his Sixth Amendment right to a jury by enhancing his sentence based on the dates of his . . . offenses," the Eleventh Circuit observed that it "ha[s] rejected this argument many times." *Id*. at \*7 (citing *Dudley*, 5 F.4th at 1265); *accord Haynes*, 2022 WL 3643740, at \*5. Accordingly, the Eleventh Circuit held that "[t]he district court did not err in finding that [the defendant's] offenses occurred on different occasions." *McCall*, 2023 WL 2128304, at \*8.

And in *Penn*, the Eleventh Circuit "determine[d] whether two offenses occurred on the same occasion based on the ordinary meaning of the word." 2023 WL 2623586, \*10 (cleaned up) (quoting *Wooden*, 142 S. Ct. at 1069). The Eleventh Circuit began by examining the "factors" that "may be relevant to that

4

determination." *Penn*, 2023 WL 2623586, *10. The Eleventh Circuit concluded that "the answer [wa]s obvious:" the defendant's offenses "did not occur on the same occasion." *Id*. (cleaned up). Accordingly, the Eleventh Circuit held that "the district court lawfully sentenced [the defendant] to ACCA's fifteen-year mandatory minimum." *Id*. at *11.

The *Penn* court also considered a "related issue" of whether "under the Fifth and Sixth Amendments[,] a jury must find, or a defendant must admit, that [the] two offenses occurred on separate occasions." *Id*. at *10. Because the defendant "raised" these constitutional challenges to the sentencing court's authority "for the first time on appeal," the Eleventh Circuit reviewed the challenge for plain error. *Id*. The Eleventh Circuit held that the defendant did not "establish plain error" because "there is no precedent from the Supreme Court or th[e Eleventh Circuit] directly" holding that a sentencing court cannot perform the different occasions analysis. *Id*. (citing *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (holding that a defendant "is unable to meet his burden to show plain error" when the litigant "fails to identify any precedent, binding or otherwise, that has held" that the complained-of conduct "violates" the Constitution)).

Although the defendant in *Penn* presented his constitutional challenge at a different stage in the case than Mr. Parr has his challenge in this case, *Penn* provides an example of how the lower courts can apply the factors that the Supreme Court

5

identified in *Wooden* as "relevant to th[e different occasion] determination." *See Penn*, 2023 WL 2623586, *10. And *Penn* confirms that "there is no precedent from the Supreme Court or th[e Eleventh Circuit] directly" holding that a sentencing court cannot perform the different occasions analysis. *Id*.

*McCall* is not binding on this court or the Eleventh Circuit, "but [it] may be cited as persuasive authority." *See* 11th Cir. R. 36-2. The court assigns *McCall* substantial persuasive weight for three reasons: (1) the *McCall* court explicitly discussed the effect of *Wooden* on the "factors *courts* might consider" when performing the different-occasions analysis, (2) the *McCall* court rejected a Sixth Amendment challenge to the sentencing court's authority to perform this analysis, and (3) *McCall* aligns with *Penn*, which is binding on this court, regarding the factors lower courts might consider in performing the different-occasions analysis. *Id*. at *6, *8 (emphasis added); *see also Penn*, 2023 WL 2623586, *10. Accordingly, *McCall* and *Penn* support the magistrate judge's recommendation that post-*Wooden*, sentencing judges can conduct the different-occasions analysis.

Because of the novelty of this issue, the court has also examined persuasive precedent from other circuits. There is a developing circuit split regarding the effect of *Wooden* on prior precedent about whether a sentencing judge may conduct the different-occasion analysis. *See United States v. Dudley*, No. 22-4037, 2023 WL 2597601, at *1–2 (4th Cir. Mar. 22, 2023) (per curiam); *United States v. Williams*,

6

No. 22-60062, 2023 WL 2239020, at *1 (5th Cir. Feb. 23, 2023) (per curiam); *United States v. Hunley*, No. 20-6285, 2023 WL 2446762, at *3 (6th Cir. Mar. 10, 2023); *United States v. Hatley*, 61 F.4th 536, 542 (7th Cir. 2023); *United States v. Buford*, 54 F.4th 1066, 1069 (8th Cir. 2022) (per curiam); *United States v. Barrera*, No. 20-10368, 2022 WL 1239052, at *2 (9th Cir. Apr. 27, 2022), *cert. denied*, No. 22-6843, 2023 WL 2563436 (U.S. Mar. 20, 2023); *United States v. Reed*, 39 F.4th 1285, 1295–96 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 745 (2023); *but see United States v. Golden*, No. 21-2618, 2023 WL 2446899, at *4 (3d Cir. Mar. 10, 2023). The weight of authority supports denying Mr. Parr's motion.

Separately, under the prior panel precedent rule, an Eleventh Circuit holding is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). To overrule Eleventh Circuit precedent, a Supreme Court ruling must be "clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003) (per curiam).

The *Wooden* court expressly declined to address the Sixth Amendment issue, *see* 142 S. Ct. at 1068 n.3, so *Wooden* did not overrule *Dudley* or undermine it to the point of abrogation. *Dudley*, therefore, remains binding on this court. *See Fla. League of Pro. Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996). District

7

courts "are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court." *Id*.

For these reasons, Mr. Parr's *first* and *second* objections are **OVERRULED**.

*Third*, "Mr. Parr objects to the [magistrate judge's] conclusion that th[is] court need not provide a pre-plea determination of his ACCA eligibility." Doc. 31 at 5 (cleaned up). Specifically, Mr. Part asserts that due process and Rule 11 of the *Federal Rules of Criminal Procedure* obligate this court determine ACCA eligibility pre-plea. *Id*. Mr. Parr cites no legal authority for his position. *See generally id*.

To satisfy procedural due process, "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." *Oyler v. Boles*, 368 U.S. 448, 452 (1962). The *Federal Rules of Criminal Procedure* state, in pertinent part, that "[b]efore the court accepts a plea of guilty . . . , the defendant may be placed under oath, and the court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). Relevant here, "[d]uring this address, the court must inform the defendant of, and determine that the defendant understands[] the following:" "any maximum possible penalty, including imprisonment, fine, and term of supervised release;" "any mandatory minimum penalty;" and "in determining a sentence, the court's obligation to calculate the

8

applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors." *Id.* at (H)–(I), (M).

Pre-*Wooden*, the Eleventh Circuit held that "the requirements of due process and the Federal Rules of Criminal Procedure were satisfied" so long as the following occurred: (1) "the district court notified the defendant of the possibility of an enhancement during his plea agreement hearing and of the possible sentences that he could receive;" (2) "[t]he defendant . . . received notice of the prior convictions to be used for enhancement purposes" before and after the plea hearing; and (3) the defendant "had the opportunity to challenge the validity and applicability of the convictions at the sentencing hearing." *United States v. Gibson*, 64 F.3d 617, 625 (11th Cir. 1995).

Post-*Wooden*, the Tenth Circuit relied on *Gibson* to hold that a "[d]efendant received due process because he had actual notice of the possibility of an ACCA enhancement in a reasonable time as well as the opportunity to be heard concerning that status." *Reed*, 39 F.4th at 1296 (citing *Gibson*, 64 F.3d at 625–26). Accordingly, binding precedent pre-*Wooden* and persuasive precedent post-*Wooden* hold that neither due process nor Rule 11 obligate this court to provide Mr. Parr with a pre-plea determination of his ACCA eligibility. Accordingly, Mr. Parr's *third* objection is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the record, including the report and recommendation and the objections thereto, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Accordingly, the court **DENIES** Mr. Parr's Motion To Strike The ACCA Allegations From The Superseding Indictment Or, In The Alternative, For A Bifurcated Jury Trial, Doc. 25.

**DONE** and **ORDERED** this 14th day of April, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE